IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AARON FAVELA,　　　　　　　　　　　　　)
on behalf of himself and all other　　　　　　　)
plaintiffs similarly situated,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　Case No.
MOSAIC MANAGEMENT DEERFIELD, LLC,　)
an Illinois Limited Liability Company and　　　　)
SHERWOOD BLISTEIN an individual and　　　)
DAVID DRESDNER, an individual,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　　　　)

## CLASS ACTION COMPLAINT

Plaintiff, AARON FAVELA ("Plaintiff"), individually and on behalf of all class members, by and through their attorneys, Miller Law Firm, P.C., bring these claims as a class action against the MOSAIC MANAGEMENT DEERFIELD, LLC, SHERWOOD BLISTEIN and DAVID DRESDNER ("Defendants") in accordance with Federal and Illinois state wage and hour laws, and based upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and also based upon the investigation made by his counsel, alleges as follows:

## NATURE OF THE SUIT

1.　　　　This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 JLCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs statutory overtime compensation for hours worked over forty (40) in a work week.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, a former employee of the Defendants', worked as a general laborer from October of 2018 through and until February of 2022.

5. During the course of his employment, Plaintiff regularly used and handled materials and tools that moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant, Mosaic Management Deerfield, LLC, does business as a management and maintenance company for properties owned by Defendants, Sherwood Blistein and David Dresdner.

8. Upon information and belief, Defendant Mosaic Management Deerfield, LLC has earned more than $500,000.00 in annual gross revenue during 2018, 2019, 2020 and 2021.

9. Defendant Mosaic Management Deerfield, LLC is registered in Illinois as a limited liability company and its registered agent and managers are located within this judicial district.

10. Defendant Dresdner is a manager of Mosaic Management Deerfield, LLC.

11. Defendant Blistein is a manager of Mosaic Management Deerfield, LLC.

12. At all times relevant to this action, Defendants Dresdner and Blistein possessed extensive oversight over Mosaic Management Deerfield, LLC and its business operations. Defendant Dresdner and Blistein were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendant Dresdner and Blistein both reside in and are domiciled within this District.

## **COMMON ALLEGATIONS**

14. During the period from October 2018 through February 2022, Plaintiff regularly worked for the Defendants five (5) days a week from Monday through Friday.

15. Based on his schedule, Plaintiff regularly worked over forty (40) hours in individual workweeks from October 2018 through February 2022.

16. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

17. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

## COUNT I

### Violation of the Fair Labor Standards Act — Overtime Wages

18. Plaintiff hereby incorporates paragraphs 1 through 17 as though stated herein.

19. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

20. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

21. Throughout Plaintiff's employment, Defendants were an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

22. Defendant Mosaic Management Deerfield, LLC is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

24. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

25. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and did work more than forty (40) hours in a workweek.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the Illinois Minimum Wage Law — Overtime Wages

26. Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

27. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

28. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

29. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

30. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS 105/12a and/or 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Grant such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: May 5, 2022

By: s/ Richard J. Miller

Richard J. Miller.
THE MILLER LAW FIRM, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
T: 847-995-1205
F: 847-995-1203

*One of the Attorneys For Plaintiffs*